IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| In re: | : | Chapter 7 |
| JAMES FITZGERALD BOWYER, | : | Case No. 19-13113(MDC) |
| Debtor. | : |  |
| THE KIM LAW FIRM LLC and RICHARD KIM, | : |  |
| Plaintiffs, | : |  |
| v. | : | Adv. No. 19-00200(MDC) |
| JAMES FITZGERALD BOWYER, | : |  |
| Defendant. | : |  |

**MOTION OF DEFENDANT
JAMES FITZGERALD BOWYER TO DISMISS
PLAINTIFFS COMPLAINT FOR FAILURE TO STATE A CLAIM
UPON WHICH RELIEF CAN BE GRANTED, FOR LACK OF
PROPER SERVICE AND TO STRIKE REDUNDANT, IMMATERIAL,
IMPERTINENT AND/OR SCANDALOUS MATTER FROM THE COMPLAINT**

Defendant, James Fitzgerald Bowyer, respectfully moves this Honorable Court pursuant to Rules 12(b)(6), 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure for an appropriate Order Dismissing Plaintiffs' Complaint with prejudice. Plaintiff also respectfully moves this Honorable Court pursuant to Rule 12(f)(2) of the Federal Rules of Civil Procedure for an appropriate order striking redundant, immaterial, impertinent and/or scandalous matter from the Complaint.

The grounds for this Motion are more fully set forth in the accompanying Memorandum of Law, which Defendant hereby incorporates by reference.

    Respectfully submitted,

    **KENNY, BURNS & MCGILL**

    /s/Thomas D. Kenny
    Thomas D. Kenny, Esquire
    Identification No. 77611
    Eileen T. Burns, Esquire
    Identification No. 80404
    1500 John F. Kennedy Blvd., Suite 520
    Philadelphia, PA  19102
    (215) 423-5500
    filings@kennyburnsmcgill.com
    Attorneys for Defendant
    James Fitzgerald Bowyer

Dated:  November 14, 2019

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| JAMES FITZGERALD BOYWER, | : | Case No. 19-13113(MDC) |
| Debtor. | : | |
| THE KIM LAW FIRM LLC and RICHARD KIM, | : | |
| Plaintiffs, | : | |
| v. | : | Adv. No. 19-00200(MDC) |
| JAMES FITZGERALD BOWYER, | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF THE OF THE
MOTION OF DEFENDANT JAMES FITZGERALD BOWYER TO
DISMISS PLAINTIFFS COMPLAINT FOR FAILURE TO STATE A
CLAIM UPON WHICH RELIEF CAN BE GRANTED, FOR LACK OF
PROPER SERVICE AND TO STRIKE REDUNDANT, IMMATERIAL,
IMPERTINENT AND/OR SCANDALOUS MATTER  FROM THE COMPLAINT**

**I.   INTRODUCTION**

Defendant James Fitzgerald Bowyer submits this Memorandum of Law in support of its Motion to Dismiss Plaintiffs' Complaint and/or Strike Redundant, Immaterial, Impertinent and/or Scandalous Material from the Complaint.  Plaintiffs seek to hold Mr. Bowyer liable for every review Plaintiff and his firm has ever received – even favorable reviews – as well as anonymous reviews from purported clients who signed retainers with Plaintiffs that precluded the clients from making negative postings.  Plaintiffs make this representation despite conceding that some, not all,

of the anonymous postings were traceable to Mr. Bower, but fail to mention which postings were traceable to Mr. Bowyer. After all, many of them are complimentary and others contain opinions.

The remainder of Plaintiffs' case is based upon admissions deemed admitted in State Court as well as statements Mr. Bowyer made in hopes of settling the dispute between the parties. Mr. Bowyer received the Writ of Summons and immediately wanted to "make things right," as he had recently been discharged from the hospital and wanted to spend some enjoyable time with his wife. At the time he made these statements, Mr. Bowyer had no knowledge of the allegations Plaitniffs make against him today, as the Writ of Summons only informed him of the fact he had been sued. It was not until some time later that he learned of Plaintiffs' allegations.

## II.  STATEMENT OF FACTS

In this Adversary proceeding, Plaintiffs the Kim Law Firm LLC and Richard Kim, Esquire seek to have their claims exempted from discharge pursuant to 11 U.S.C. § 523(a)(6). Plaintiffs are the former employers of the Debtor-Defendant, Mr. Bowyer. ECF 1 ¶¶ 9-10. Plaintiffs allege that beginning in March 2018, "Plaintiffs were subjected to a constant series of persistent harassment, defamation and threats . . . which were intentional acts done for the specific purpose of causing harm to the Plaintiffs,[1]." *Id.* ¶ 12. Plaintiffs contend that Mr. Bower used fake names to post approximately 80 different online reviews which were false and defamatory; used fake email addresses to send emails to Plaintiff threatening harm and lawsuits, pretended to be prospective clients of Plaintiffs, used Defendant's email address and telephone number to send spam emails and text messages. ECF 1 ¶ 11.

---

[1] For purposes of this Motion, Defendant does not challenge the veracity of the allegations, but this should not be deemed an admission or waiver.

On May 28, 2019, Plaintiffs commenced a lawsuit against John Doe in the Philadelphia County Court of Common Pleas, at the May Term, 2018, Case No. 03106 (the "State Court Litigation"). *Id.* ¶ 13. On January 4, 2019, Plaintiffs filed a Second Amended Complaint in the State Court Litigation against Mr. Bowyer, asserting the following four causes of action: (a) defamation, (b) commercial disparagement, (c) intentional infliction of emotional distress, and (d) identity theft. Plaintiff incorporated by reference a true and correct copy of the Second Amended Complaint ("SAC"). *Id.* ¶ 15.

On February 26, 2019, Plaintiffs filed a Motion to Deem Requests for Admissions Admitted in the State Court Litigation. *Id.* ¶ 17; ECF 3 at 52 ¶ 2. On May 6, 2019, the court, entered an Order granting the Motion to Deem Requests for Admissions Admitted, and deemed them all admitted. *Id.* ¶ 18; ECF 3 at 68-70.

Plaintiffs base their allegations on Requests for Admissions that were deemed admitted in the State Court Litigation. Thus, according to Plaitniffs Mr. Bower admitted, *inter alia*: "(a) sending specific emails and making specific postings that were attached as exhibits; (b) registering RK's email address rkim@thekimlawfirmllc.com to receive email newsletters with the registered name of Yellowskin Chinkerbell; (c) he only stopped posting reviews and sendingPlaintiffs emails after he discovered Plaintiffs had issued subpoenas to link him to the reviews; (d) he filed an EEOC Complaint against KLF without any basis; (e) he used a virtual private network in order to post reviews about Plaintiffs or send emails to Plaintiffs; (f) he used an alternate "burner" cell phone to post reviews about Plaintiffs; and (g) that he created the 35 online accounts listed in a request for admission." *Id.* ¶ 22.

On the evening of September 10, 2018, Mr. Bowyer was served with a Writ of Summons. There is no indication that he knew the basis of the lawsuit, as the Complaint had not yet been

3