# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| JAMES FITZGERALD BOWYER, | : | Case No. 19-13113(MDC) |
| Debtor. | : | |
| THE KIM LAW FIRM LLC and RICHARD KIM, | : | |
| Plaintiffs, | : | |
| v. | : | Adv. No. 19-00200(MDC) |
| JAMES FITZGERALD BOWYER, | : | |
| Defendant. | : | |

## SUPPLEMENTAL BRIEF TO THE MOTION OF DEFENDANT
## JAMES FITZGERALD BOWYER TO DISMISS PLAINTIFFS' COMPLAINT

This Honorable Court requested additional briefing regarding the requirement to plead physical injury supported by competent medical evidence in order to adequately plead a cause of action for Intentional Infliction of Emotional Distress ("IIED") under Pennsylvania law as interpreted by Federal Courts of the Third Circuit.

Both Pennsylvania courts and courts in this Circuit require a plaintiff to allege some type of physical injury or harm in order to adequately plead a claim for IIED. *See Kazatsky v. King David Memorial Park*, 515 Pa. 183, 527 A.2d 988, 995 (Pa.1987)); *Hart v. O'Malley*, 436 Pa. Super. 151 175, 647 A.2d 542 (Pa. Super. 1994) ("it is clear that in Pennsylvania, in order to state a claim under which relief can be granted for the tort of IIED, the plaintiff must allege a physical injury"); *Rudas v. Nationwide Mut. Ins. Co.*, 1997 U.S. Dist. LEXIS 169, 1997 WL 11302, at *17

(E.D. Pa. Jan. 10, 1997) (dismissing claim for IIED where the plaintiff had not alleged physical injury). It is not enough to merely allege severe distress. *Fewell v. Besner*, 444 Pa. Super. 559, 664 A.2d 577 (Pa. Super. 1995) (affirming the grant of preliminary objections as to plaintiff's claim of IIED where plaintiff alleged she "suffered severe emotional distress" because the Complaint failed to allege physical injury).

A plaintiff must allege that he or she "suffer[ed] some type of resulting physical harm due to the defendant's outrageous conduct," which must be supported by competent medical evidence. *Dennis v. DeJong*, 867 F. Supp. 2d 588, 660 (E.D. Pa. 2011) (dismissing IIED claim "because plaintiffs have not alleged facts regarding "expert medical confirmation that [plaintiffs] actually suffered the claimed distress." Plaintiffs merely contend that they suffered depression and anxiety, without alleging expert medical confirmation for these facts.") (citations omitted); J*ames v. City of Wilkes-Barre*, No. 3:10-CV-1534, 2011 U.S. Dist. LEXIS 90626, at *22-24 (M.D. Pa. June 17, 2011) (dismissing Plaintiff's IIED claim because Plaintiff filed to allege competent medical evidence); *see also Maldonado v. City of Philadelphia*, Civ. No. 18-1492, (E.D. Pa. Jan. 18, 2019)(Sánchez, J.) (dismissing an IIED claim for the failure to plead competent medical evidence substantiating the claim) (attached as Exhibit A).

Plaintiff has not alleged a physical injury or harm as well as competent medical evidence to support his IIED claim. Accordingly, it should be dismissed. *Ghrist v. CBS Broad., Inc.*, 40 F. Supp. 3d 623, 630-31 (W.D. Pa. 2014) (dismissing Plaintiff's claim for IIED wherein the Plaintiff failed to allege the necessary physical harm, coupled with averments of competent medical evidence of such harm, to support such a claim).

    Respectfully submitted,

    **KENNY, BURNS & MCGILL**

    /s/Thomas D. Kenny
    Thomas D. Kenny, Esquire
    Identification No. 77611
    Eileen T. Burns, Esquire
    Identification No. 80404
    1500 John F. Kennedy Blvd.
    Suite 520
    Philadelphia, PA  19102
    (215) 423-5500
    filings@kennyburnsmcgill.com

    Attorneys for James Fitzgerald Bowyer

Dated:  January 2, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of January 2020, I caused a true and correct copy of the foregoing to be served upon all counsel via the court's electronic filing system.

<u>/s/ Thomas D. Kenny</u>
Thomas D. Kenny, Esquire