**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| JAMES FITZGERALD BOWYER, | : | Case No. 19-13113(MDC) |
| | : | |
| *Debtor.* | : | |
| | : | |
| THE KIM LAW FIRM LLC and | : | |
| RICHARD KIM, | : | Adv. No. 19-00200(MDC) |
| | : | |
| *Plaintiffs,* | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES FITZGERALD BOWYER, | : | |
| | : | |
| *Defendant.* | : | |

**PLAINTIFFS' RESPONSE TO THE SUPPLEMENTAL BRIEF TO THE MOTION OF DEBTOR/DEFENDANT JAMES FITZGERALD BOWYER TO DISMISS PLAINTIFFS' COMPLAINT**

Plaintiffs The Kim Law Firm, LLC ("KLF") and Richard Kim ("RK", collectively with "KLF" are the "Plaintiffs"), by and through the undersigned counsel, hereby respond to Debtor/Defendant James Fitzgerald Bowyer's ("Defendant" or "Bowyer") Supplemental Brief to the Motion of Defendant James Fitzgerald Bowyer to Dismiss Plaintiffs' Complaint ("Def.'s Supp. Brief"), filed at ECF 11, as follows:

Defendant filed a motion to dismiss Plaintiffs' Complaint (the "Motion to Dismiss"). (ECF 6). In the Motion to Dismiss, Defendant challenged that some, but not all of Plaintiffs'

claims lacked legal support.[1]  On December 18, 2019, after the Court heard oral argument on the Motion to Dismiss, a docket entry was made (ECF 10), confirming that the Court held the Motion to Dismiss under advisement and that the Court had issued a briefing schedule relating to Defendant's argument that Plaintiff, Richard Kim's intentional infliction of emotional distress claim ("IIED") was legally insufficient.

During oral argument on the Motion to Dismiss, Defendant's counsel raised an issue that Defendant did not raise in his Motion to Dismiss and cited to caselaw that Defendant had not identified in his Motion to Dismiss, that a claim for IIED should be dismissed because Plaintiff did not allege in the Complaint that there exists competent medical evidence supporting the claim.  Plaintiffs' counsel argued to the Court that this issue was waived because it was not raised in the Motion to Dismiss and the Court granted the parties time to brief the issue that was first raised during oral argument.  Without waiving Mr. Kim's argument that the Defendant waived the argument that the IIED claim should be dismissed, Mr. Kim does not oppose the dismissal of his IIED claim from the Complaint without prejudice or leave to amend, so that Plaintiffs can proceed with the other claims without further delay.

    Respectfully submitted,

    **OFFIT KURMAN, P.A.**

By: /s/Ryan N. Boland
    RYAN N. BOLAND, ESQUIRE
    Pa. ID No. 202977
    1801 Market Street, Suite 2300
    Philadelphia, PA 19103
    Telephone: (267) 338-1312
    E-mail: rboland@offitkurman.com

Dated: January 9, 2020

---

[1] Defendant's Motion to Dismiss failed to, among other things, failed to discuss all claims raised in the Complaint.  For instance, Defendant failed to discuss Plaintiff's Commercial Disparagement claim or Identity Theft claim.