**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re | : Chapter 7 |
|     James Fitzgerald Bowyer, | : |
|         Debtor. | : Bankruptcy No. 19-13113-MDC |
| | : |
| The Kim Law Firm LLC and Richard Kim, | : |
|         Plaintiffs, | : |
|     v. | : Adversary No. 19-00200-MDC |
| James Fitzgerald Bowyer, | : |
|         Defendant. | : |
| | : |

# **O R D E R**

**AND NOW**, on October 11, 2019, The Kim Law Firm LLC (the "Firm") and Richard Kim ("Mr. Kim," and together with the Firm, the "Plaintiffs") filed the *Adversary Complaint to Have the Claims of The Kim Law Firm LLC and Richard Kim Exempted from Discharge Pursuant to 11 U.S.C. §523(a)(6)* (the "Adversary Complaint")[1] against James Fitzgerald Bowyer (the "Debtor Defendant," and together with the Plaintiffs, the "Parties"), seeking a determination that claims the Plaintiffs asserted in a complaint (the "State Court Complaint") against the Debtor Defendant in the Court of Common Pleas, Philadelphia County (the "State Court Litigation") are nondischargeable pursuant to §523(a)(6) of title 11 of the United States Code, 11 U.S.C. §§101, *et seq.* (the "Bankruptcy Code").

**AND**, on November 14, 2019, the Debtor Defendant filed the *Motion of Defendant James Fitzgerald Bowyer to Dismiss Plaintiffs [sic] Complaint for Failure to State a Claim Upon*

---

[1] Adv. Pro. Docket No.1. The exhibits to the Adversary Complaint were filed separately at docket entry number 3.

*Which Relief Can Be Granted, for Lack of Proper Service and to Strike Redundant, Immaterial, Impertinent and/or Scandalous Matter from the Complaint* (the "Motion to Dismiss"),[2] asserting that (i) certain allegations in the Complaint should be striken as scandalous and impertinent pursuant to Rule 12(f) of the Federal Rules of Civil Procedure (the "F.R.C.P."), made applicable to this adversary proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (ii) the Adversary Complaint should be dismissed for failure to state a claim upon which relief can be granted pursuant to F.R.C.P. Rule 12(b)(6), and (iii) the Adversary Complaint should be dismissed for Plaintiffs' failure to properly serve the Debtor Defendant.

**AND**, on December 2, 2019, the Plaintiffs filed the *Plaintiffs' Response in Opposition to Debtor/Defendant James Fitzgerald Bowyer's Motion to Dismiss Plaintiffs' Adversary Complaint* (the "MTD Response").[3]

**AND**, on December 2, 2019, the Court held a hearing (the "Hearing") on the Motion to Dismiss and the MTD Response, at which time the Court took the matter under advisement and directed the Parties to submit supplemental briefs with respect to the pleading requirements for the Plaintiff's claim for intentional infliction of emotional distress (the "IIED Claim").

**AND**, on January 2, 2020, the Debtor Defendant filed the *Supplemental Brief to the Motion of Defendant James Fitzgerald Bowyer to Dismiss Plaintiffs' Complaint* (the "Debtor Defendant's Supplemental Brief").[4]

**AND**, on January 9, 2020, the Plaintiffs filed the *Plaintiffs' Response to the Supplemental Brief to the Motion of Debtor/Defendant James Fitzgerald Bowyer to Dismiss Plaintiffs'*

---

[2] Adv. Pro. Docket No. 6.

[3] Adv. Pro. Docket No. 9.

[4] Adv. Pro. Docket No. 12.

*Complaint* (the "Plaintiffs' Supplemental Brief" and together with the Debtor Defendants' Supplemental Brief, the "Supplemental Briefs").[5]

**AND**, the Court having considered the Motion to Dismiss, the MTD Response, the Supplemental Briefs, and the arguments of the Parties at the Hearing.

**AND**, this Court having jurisdiction to consider the relief requested by the Motion to Dismiss in accordance with 28 U.S.C. §§157(b)(2)(I) and 1334.

It is hereby **FOUND** and **DETERMINED** that:

**1. The Court Will Not Strike Any of the Allegations in the Adversary Complaint**

A. The Debtor Defendant argues in the Motion to Dismiss that certain allegations in the Adversary Complaint should be striken pursuant to F.R.C.P. 12(f). Motion to Dismiss, at pgs. 6 to 12. The allegations the Debtor Defendant seeks to strike fall into two categories: (i) purportedly inadmissible settlement negotiations (the "Settlement Negotiation Allegations"), and (ii) purportedly inadmissible deemed admissions by the Debtor Defendant in the State Court Litigation, including Exhibits 2 and 3 to the Adversary Complaint which are the motion and order in the State Court Litigation related to the deemed admissions (collectively, the "Admissions Allegations"). *Id.*

B. Striking a pleading is a drastic remedy that is only appropriate when the grounds for striking it are readily appropriate from the face of the pleadings. *Vurimindi v. Fuqua School of Business*, 2011 U.S. Dist. LEXIS 96496, at *4-5 (E.D. Pa. Aug. 29, 2011). As such, motions to strike "are not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." *Id.* Courts should avoid striking allegations during the preliminary stages of litigation when the sole basis for doing so is that such evidence may eventually be deemed

---

[5] Adv. Pro. Docket No. 13.

3

inadmissible or irrelevant at trial. *Jurista v. Amerinox Processing, Inc.*, 492 B.R. 707, 742 (D.N.J. 2013) (*citing Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976)). Even if evidence may eventually be deemed inadmissible at trial, courts in this district have recognized that the more prudent course of action is to keep the evidence in the record until that later point in time. *Id.* (collecting cases).

      **i.     The Settlement Negotiation Allegations**

C.     The Settlement Negotiation Allegations are found in paragraphs 73 through 78 of the Adversary Complaint, and consist of allegations related to communications made by or on behalf of the Debtor Defendant to Mr. Kim or the Plaintiffs' counsel after the Debtor Defendant was served with a summons in the State Court Litigation. Adversary Complaint at ¶¶73 to 78. The Debtor Defendant argues that these communications were made in hopes of settling the State Court Litigation and are inadmissible in the present adversary action pursuant to Federal Rule of Evidence 408 ("Rule 408"). Motion to Dismiss, at pgs. 6 to 7.

D.     The Plaintiffs argue in their MTD Response that the communications from or on behalf of the Debtor Defendant set forth in paragraphs 73 to 78 of the Adversary Complaint do not constitute settlement communications at all, but rather were "admissions of guilt and a plea for mercy" by the Debtor Defendant admissible pursuant to Federal Rule of Evidence 804(b)(3). MTD Response, at p. 17.

E.     Reviewing the alleged Settlement Negotiation Allegations set forth in paragraphs 73 through 78 of the Adversary Complaint, the Court has serious doubts that these allegations reference communications constituting settlement negotiations, rather than something closer to an admission by the Debtor Defendant, as the Plaintiffs contend. The Debtor Defendant cited several cases in the Motion to Dismiss granting motions to strike allegations in a complaint that

4

referenced settlement negotiations. Motion to Dismiss, at pgs. 8-9. The allegations in each of those cases are distinguishable, however, from the allegations in the Adversary Complaint here because they clearly referenced communications made in the context of settlement negotiations, not unsolicited communications from one party to another that could be interpreted as an admission of guilt. As such, those cases do not persuade this Court to follow their outcome.

F. Moreover, it is well-established that Rule 408 is a rule of evidenc, and does not generally govern allegations in pleadings. *See, e.g., Grant Mfg. & Alloying, Inc. v. Recycle is Good, LLC*, 2011 U.S. Dist. LEXIS 138181, at *8 (E.D. Pa. Nov. 30, 2011) (*citing Steak Umm Co., LLC v. Steak 'Em Up, Inc.*, 2009 U.S. Dist. LEXIS 101357, at *7 (E.D. Pa. Oct. 30, 2009)). Here, where the Court is not convinced that the Settlement Negotiation Allegations would even fall under Rule 408, that rule will not operate to bar their inclusion in the Adversary Complaint, even if they are later determined to be inadmissible. *See McAndrews Law Offices v. Sch. Dist. Of Phila.*, 2007 U.S. Dist. LEXIS 9888, at *8-9 (E.D. Pa. Feb. 12, 2007) (in ruling on a motion to dismiss, declining to strike exhibits to the Complaint discussing potential settlement "simply because they may not later be admissible at trial").[6]

**ii.  The Admissions Allegations**

G. The Debtor Defendant argues in the Motion to Dismiss that paragraphs 17, 18, 21 to 26, 87 to 91, 93, and 94, as well as Exhibits 2 and 3, of the Adversary Complaint improperly rely on deemed admissions by the Debtor Defendant in the State Court Litigation to establish the elements of Plaintiffs' cause of action. Motion to Dismiss, at p. 9. The Debtor Defendant further argues that Plaintiffs are seeking to use the admissions as a factual basis for their claims

---

[6] This does not preclude the Debtor Defendant from seeking to bar the Plaintiffs from introducing evidence of the statements in question at trial. *See Sizer v. Bennett*, 2018 U.S. Dist. LEXIS 118773, at *12 (W.D. Pa. July 17, 2018) (denying motion to strike allegations in Complaint with references to possible settlement negotiations but observing that the defendant could still file a motion in limine before trial).

in this adversary action. *Id*. at p. 12. The Debtor Defendant argues that this runs afoul of Rule 4014(d) of the Pennsylvania Rules of Civil Procedure, which provides in relevant part that any admission by a party under that rule "is for the purpose of the pending action only and is not an admission by the party for any other purpose nor may it be used against the party in any other proceeding." *Id*.

H.  The Admissions Allegations each reference the Debtor Defendant's deemed admissions in the State Court Litigation or state factual allegations that apparently mirror some of the deemed admissions. The alleged facts deemed admitted in the State Court Litigation are not deemed admitted in the present adversary litigation. Pennsylvania Rule 4014(d); *see also* F.R.C.P. 36(b). That does not mean, however, that any reference to those alleged facts, or the established fact that they were deemed admitted in the State Court Litigation, must be striken from the Complaint. Although their deemed admissions in the State Court Litigation is not of probative value here, the facts underlying the Admission Allegations may be proven at trial by other evidence. This counsels against striking the Admission Allegations. *See Jurista*, 492 B.R. at 743 (denying motion to strike complaint based on conclusions in examiner's report because even though the report itself was inadmissible, the documents and testimony on which it was based were potentially admissible by other means).[7]

I.  In light of the high threshold for striking allegations in a complaint, particularly in the early stages of litigation, the Court will deny the Debtor Defendant's request to strike the Settlement Negotiation Allegations and the Admission Allegations.

---

[7] Paragraphs 93 and 94 of the Adversary Complaint gave the Court more pause than the balance of the Admission Allegations because they seem to represent the Plaintiffs' position regarding the legal effect the deemed admissions should be given. As stated during the Hearing, however, the Court believes the Debtor Defendant is able to address this issue in his answer to the Adversary Complaint, rather than by the Court striking those paragraphs. Hearing Audio Recording at 11:55 a.m. to 12:02 p.m.

**2.    The Plaintiffs Have Stated Claims for Which Relief May Be Granted**

J.    The Plaintiffs seek by the Adversary Complaint a determination that all of their claims in the State Court Complaint are nondischargeable pursuant to §523(a)(6). Adversary Complaint, at pgs. 42-43. The Debtor argues that the Adversary Complaint should be dismissed because it fails to state a claim for which relief can be granted. Motion to Dismiss, at pgs. 12 to 18. The Debtor Defendant's argument appears to have two components: (i) first, that the Adversary Complaint does not state a claim for willful and malicious injury under §523(a)(6) of the Bankruptcy Code, and (ii) that neither the defamation claim nor the IIED Claim in the State Court Complaint state a claim for which relief can be granted under non-bankruptcy law, and therefore cannot be deemed non-dischargeable in the adversary action.

K.    In considering a motion to dismiss for failure to state a claim under F.R.C.P. 12(b)(6), this Court is required to accept as true all allegations in the Adversary Complaint and all reasonable inferences that can be drawn from them after construing them in a light most favorable to the Plaintiffs. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994) (*citing Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989); *D.P. Enters., Inc. v. Bucks County Comm. College*, 725 F.2d 943, 944 (3d Cir. 1984)). The Court only accepts all well-pleaded allegations, and disregards "legal conclusions and 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Hammon v. Kennett Twp.*, 746 Fed. Appx. 146, 148 (3d Cir. 2018) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). The inquiry is not whether Plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims. *Rockefeller Ctr. Props. Sec. Litig. v. Rockefeller*, 311 F.3d 198, 215 (3d Cir. 2002).

### a. The Adversary Complaint States a Claim for Willful and Malicious Injury Under §523(a)(6)

L. At the Hearing, the Plaintiffs' counsel advised that in the State Court Litigation the Debtor Defendant unsuccessfully pressed a similar motion to dismiss the claims in the State Court Complaint, although the Court was not provided with a copy of that motion or the order denying it.[8] Nonetheless, what may pass muster for purposes of stating a claim under state law may not necessarily state a claim for nondischargeability under the Bankruptcy Code. *See, e.g., First Am. Title Ins. Co. v. Pazdzierz (In re Pazdzierz)*, 459 B.R. 254, 259 (E.D. Mich. 2011) (what state law requires of a claim is a distinct inquiry from whether it is provided for under the Bankruptcy Code) (*citing Grogan v. Garner*, 498 U.S. 279, 283-84 (1991)); *Mendes v. Jacuinde (In re Jacuinde)*, 2009 Bankr. LEXIS 5629, at *8 (Bankr. E.D. Cal. Apr. 16, 2009) (finding that even though the plaintiff had stated a claim under state law, he failed to state a nondischargeability claim under §523(a)(4)). The Court will therefore measure the allegations in the Plaintiffs' Adversary Complaint against the standard applicable to a nondischargeability claim under §523(a)(6) to determine whether they withstand the Motion to Dismiss.

M. To state a claim pursuant to §523(a)(6), the Complaint must include allegations that would establish the following elements: (1) wrongful conduct, (2) done intentionally, (3) with the knowledge or substantial certainty that its conduct would produce injury, and (4) performed without just cause or excuse. *TotalFacility, Inc. v. Brown (Brown)*, 557 B.R. 363, 373-374 (Bankr. E.D. Pa. 2016) (*citing The Sherwin Williams Co. v. Grasso (In re Grasso)*, 497 B.R. 434 (Bankr. E.D. Pa. 2013)*; In re Vepuri*, 2009 Bankr. LEXIS 2781, 2009 WL 2921305, at *8 (Bankr. E.D. Pa. 2009)). "As this Court has previously elaborated: 'In determining whether a creditor has met its burden under §523(a)(6), courts recognize that the terms "willful" and

---

[8] Hearing Audio Recording, at 11:25.

"malicious" are separate elements that must each be proven. With regard to willfulness, the Movant must identify facts that demonstrate that the Debtor acted deliberately. With regard to malice, the Movant's burden is two-fold. The Movant must identify facts that demonstrate that the Debtor knew with substantial certainty that its conduct would produce injury and was done without just cause or excuse.'" *Id.* (*citing In re Grasso*, 497 B.R. at 445).

N. The Debtor ties his argument that the Adversary Complaint fails to state a claim under §523(a)(6) of the Bankruptcy Code to his argument that the Admissions Allegations should be striken: "Plaintiffs' Complaint relies upon the request for admissions in alleging that Defendant acted willfully and maliciously, by basing all allegations upon the "Manifesto" which was deemed admitted . . . By relying upon the admissions to state its claim, Plaintiffs have failed to state a claim upon which relief can be granted, as the State Court admissions have no factual bearing in this matter." Motion to Dismiss, at p. 14.

O. As set forth *supra*, the Court will not strike the Admissions Allegations in the Adversary Complaint, including those referencing the deemed admission of the Manifesto. The Court finds, however, that even were the Court to strike the Admissions Allegations related to the deemed admission of the Manifesto in the State Court Litigation, the Adversary Complaint states a claim for relief under §523(a)(6). The balance of the allegations in the Adversary Complaint, including but not limited to the factual allegation that the Debtor Defendant published the Manifesto, sufficiently state a claim under §523(a)(6) to withstand the Motion to Dismiss. The factual allegations in the Complaint adequately aver that the Debtor Defendant, in his communications with the Firm and submissions of online comments and reviews of the Plaintiffs, acted (i) willfully and deliberately to cause injury to the Plaintiffs after his termination

9

from the Firm, (ii) with substantial certainty that his actions would injure the Plaintiffs, and (iii) without just cause or excuse.

P.  As such, the Court will not dismiss the Adversary Complaint pursuant to §523(a)(6) of the Bankruptcy Code because the Plaintiffs have stated a claim that, if proven, entitles them to relief against the Debtor Defendant.

### b.  The State Court Complaint States a Claim for Defamation

Q.  In order to state a claim for defamation under Pennsylvania law, a plaintiff must prove: (1) the defamatory character of the communication; (2) its publication by the defendant; (3) its application to the plaintiff; (4) the understanding by the recipient of its defamatory meaning; (5) the understanding by the recipient of it as intended to be applied to the plaintiff; (6) special harm resulting to the plaintiff from its publication; and (7) abuse of a conditionally privileged occasion.  *Harris v. Kamps (In re Kamps)*, 575 B.R. 62, 78 (Bankr. E.D. Pa. 2017) (citing 42 Pa. Cons. Stat. § 8343(a)).

R.  After review of the allegations in both the Adversary Complaint and the State Court Complaint, and after construing them in a light most favorable to the Plaintiffs and accepting all reasonable inferences that can be drawn from them as true, the Court concludes that the Plaintiffs have a stated a claim for defamation.  The Adversary Complaint and the State Court Complaint lay out in detail the specific defamatory statements allegedly published by the Debtor Defendant, why they are alleged to be defamatory, the impression those statements were allegedly meant to have had on their readers, and the harm resulting to the Plaintiffs as a result. These allegations meet the "facial plausibility" test the Supreme Court has required of allegations in a complaint: "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

### c.   The State Court Complaint Does Not State an IIED Claim

P.   In the Motion to Dismiss, the Debtor Defendant argued that the Adversary Complaint does not state an IIED Claim because the Plaintiffs did not allege that they suffered extreme emotional distress or actual physical harm as required. Motion to Dismiss, at p.16 to 17. At the Hearing, the Debtor Defendant made the additional argument that the Plaintiffs had failed to allege competent medical evidence of their injury.[9] Because the Plaintiffs had not been given the opportunity to adequately prepare for or respond to this new line of argument, the Court allowed the Parties the opportunity to submit the Supplemental Briefs on the issue.

Q.   The Debtor Defendant argues in his Supplemental Brief that the Plaintiffs are required but failed to allege both some type of physical injury or harm and competent medical evidence in support. Debtor Defendant's Supplemental Brief, at pgs. 1-2. Both at the Hearing and in his Supplemental Brief, the Debtor Defendant cited the fairly recent decision by the District Court for the Eastern District of Pennsylvania in *Maldonado v. City of Phila.*, Case No. 18-1492, at 18 (E.D. Pa. Jan. 18, 2019) (J. Sánchez), dismissing a Pennsylvania-law based intentional infliction of emotional distress claim for failure to plead competent medical evidence of distress suffered. Debtor Defendant's Supplemental Brief, at 2. The *Maldonado* court cited in support the decision in *Dennis v. DeJong*, 867 F. Supp. 2d 588, 660 (E.D. Pa. 2011), which dismissed an intentional infliction of emotional distress claim for plaintiffs' failure to plead facts regarding expert medical confirmation that they suffered depression and anxiety.

R.   The Plaintiffs in their Supplemental Brief did not address the pleading requirement for their IIED Claim. Instead they stated that Mr. Kim does not oppose the

---

[9] Hearing Audio Recording at 11:15 a.m.

dismissal of his IIED claim from the Complaint without prejudice or leave to amend. Plaintiffs' Supplemental Brief, at 2.

S.   In light of the *Maldonado* and *Dennis* decisions, and the Plaintiffs' failure to address in their Supplemental Brief what is required to allege their IIED Claim, the Court finds that the Plaintiffs have not adequately stated a claim for relief with respect to the IIED Claim because the State Court Complaint does not allege medical evidence in support of their alleged injuries, and it will be dismissed.

### 3. The Debtor Defendant Has Abandoned His Service of Process Argument

T.   At the Hearing, counsel for the Debtor Defendant advised the Court that the Debtor Defendant was properly served prior to the Hearing and therefore is no longer asserting the Complaint should be dismissed for lack of service.[10]  As such, that asserted basis for dismissal was rendered moot.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. The Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**.

2. The Motion to Dismiss is **GRANTED** with respect to the IIED Claim in the State Court Complaint, which is **DISMISSED WITHOUT PREJUDICE** to the Plaintiffs' ability to replead or amend the Adversary Complaint.

3. The Motion to Dismiss is **DENIED** with respect to all other relief requested therein.

Dated: September 10, 2020

_____
MAGDELINE D. COLEMAN
CHIEF U.S. BANKRUPTCY JUDGE

---

[10] Hearing Audio Recording at 11:16 a.m.

Ryan N. Boland, Esquire
Offit Kurman, P.A.
Ten Penn Center
1801 Market Street, Suite 2300
Philadelphia, PA 19103

Thomas D. Kenny, Esquire
Kenny, Burns & McGill
1500 John F. Kennedy Boulevard, Suite 520
Philadelphia, PA 19102