**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| JAMES FITZGERALD BOWYER, | : | Case No. 19-13113(MDC) |
| | : | |
| *Debtor.* | : | |
| | : | |
| THE KIM LAW FIRM LLC and | : | |
| RICHARD KIM, | : | Adv. No. 19-00200(MDC) |
| *Plaintiffs,* | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES FITZGERALD BOWYER, | : | |
| | : | |
| *Defendant.* | : | |

**MOTION FOR JUDGMENT BY DEFAULT**

TO THE HONORABLE MAGDELINE D. COLEMAN, BANKRUPTCY JUDGE:

Plaintiffs, The Kim Law Firm LLC and Richard Kim (collectively the "Plaintiffs"), by and through their undersigned counsel, the law firm of Offit Kurman, P.A., pursuant to Federal Rule of Bankruptcy Procedure 7055 and Federal Rule of Civil Procedure 55, move for default judgment to be entered against Defendant James Fitzgerald Bowyer (the "Defendant"), and states as follows with supporting Affidavit of Counsel:

1. On October 11, 2019, the Plaintiff filed a Complaint against the Defendant in the above-captioned adversary proceeding ("Adversary Complaint"). (ECF No. 1).

2. The Adversary Complaint sought this Court allow Plaintiffs to except the following claims from discharge pursuant to 11 U.S.C.§523(a)(6) so that Plaintiffs could continue to pursue the collection of the claims in the Philadelphia Court of Common Pleas: (a) defamation, (b)

commercial disparagement, (c) intentional infliction of emotional distress ("IIED") (as to Richard Kim only), and (d) identity theft. (ECF No. 1).[1] Upon the filing of the Complaint a Summons was issued by the Clerk of Court. (ECF 2).

3. On October 18, 2019, the Plaintiff served a copy of the Adversary Complaint with supporting exhibits and Summons (ECF No. 5) by overnight Federal Express Priority Delivery, on the Defendant and the following individuals:

Thomas D. Kenny, Esquire
Kenny, Burns & McGill
1500 John F. Kennedy Boulevard
Suite 520
Philadelphia, PA 19102
Counsel for the Chapter 7 Debtor

James Fitzgerald Bowyer
108 East Mill Road
Flourtown, PA 19031
Chapter 7 Debtor/Defendant

Lynne E. Feldman, Esquire
221 North Cedar Crest Boulevard
Allentown, PA 18104
Chapter 7 Trustee

United States Trustee
Office of the U.S. Trustee
200 Chestnut Street
Suite 502
Philadelphia, PA 19106

4. Plaintiff filed a Certificate of Service of the Summons and Complaint with the Bankruptcy Court on October 18, 2019.

---

[1] As set forth more fully in Plaintiff's Complaint, prior to Defendant's bankruptcy filing, Plaintiff was pursing the claims set forth above in the Philadelphia County Court of Common Pleas, at the May Term, 2018, Case No. 03106 (the "State Court Litigation")

5. Defendant has failed to timely file an Answer or other responsive pleading to the Complaint within 35 days of service and to this date has not filed any responsive pleading to the Complaint seeking the denial of the discharge of claims as outlined in Plaintiff's Amended Complaint.

6. On November 14, 2019, Defendant filed a Motion to Dismiss Plaintiff's Complaint. (ECF No. 6).

7. Despite having been served with the Complaint, and having filed a Motion to Dismiss, Defendant raised service issues relating to Plaintiff's method of service. Accordingly, on November 21, 2019, Plaintiff again served counsel for Defendant and Defendant directly via U.S. Mail, postage pre-paid and Certified Mail, Return Receipt Requested and certified such additional service with the Court. (ECF No. 8).

8. On December 2, 2019, Plaintiffs filed their opposition in response to Defendant's Motion to Dismiss. (ECF No. 9).

9. On December 18, 2019, a hearing was held relating to the pending Motion.

10. On January 2, 2020, Defendant filed a supplemental brief in support of his Motion to Dismiss.

11. On September 10, 2020, this Court issued its Memorandum Opinion and Order (the "Order") granting in part and denying in part Defendant's Motion to Dismiss the Complaint. (ECF No. 14). Specifically, the Court granted Defendant's requested dismissal without prejudice of Plaintiff's request to deny dischargeability of Plaintiff's claim as it pertained to relief for intentional infliction of emotional distress, but denied Defendant's request to dismiss Plaintiff's request to deny dischargeability of all other causes of action included in the Complaint.

12. The September 10, 2020 Order also confirmed counsel for Debtor/Defendant advised the Court that the Debtor/Defendant was properly served with the Complaint. (ECF No. 14).

13. Since the Court's Order, the Defendant failed to file any Answer or other further response to Plaintiff's Complaint.

14. Approximately 8 months have passed since Defendant was required to file an Answer to Plaintiffs' Complaint.

15. On July 6, 2021, Plaintiffs requested that the Clerk of Court enter default against Defendant, a true and correct copy of which document is incorporated by reference. (ECF No. 17).

16. On July 7, 2021, the Clerk entered default against Defendant. (ECF No. 19).

17. Bankruptcy Rule 7055 incorporates Fed. Rule of Civil Procedure 55 into adversary proceedings conducted in the Bankruptcy Court. Plaintiffs request the Court enter Judgment by Default pursuant to BR 7055 which incorporates FRCP 55(b)(2). Service of this Motion and the Notice of the Motion has been made upon the Defendant as reflected in the Certificate of Service filed with this Motion for Default Judgment.

WHEREFORE, Plaintiffs request the Court enter an Order:

a. That Judgment be entered by Default against Defendant denying the dischargeability of any portion of the claims including in Complaint filed with the Court of Common Pleas in and for Philadelphia County, Pennsylvania under Docket No. May Term, 2018, Case No. 03106.

b. Granting such other and further relief as this Court may deem just, equitable and proper.

Respectfully submitted,

**OFFIT KURMAN, P.A.**

By: */s/Ryan N. Boland*
RYAN N. BOLAND
PA Bar ID No. 202977
Ten Penn Center
1801 Market Street, Suite 2300
Philadelphia, PA 19103
Telephone: (267) 338-1312
Facsimile: (267) 338-1335
E-mail: rboland@offitkurman.com

Dated: July 19, 2021