**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| JAMES FITZGERALD BOWYER, | : | Case No. 19-13113(MDC) |
| | : | |
| Debtor. | : | |
| | : | |
| THE KIM LAW FIRM LLC and RICHARD KIM, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Adv. No. 19-00200(MDC) |
| | : | |
| JAMES FITZGERALD BOWYER, | : | |
| | : | |
| Defendant. | : | |

**BRIEF IN SUPPORT OF THE MOTION OF DEFENDANT
<u>JAMES FITZGERALD BOWYER TO SET ASIDE THE ENTRY OF DEFAULT</u>**

Defendant James Fitzgerald Bowyer, by and through his attorneys, Kenny, Burns & McGill, hereby submits this Brief in Support of the Motion to Set Aside the Entry of Default.

**I.    STATEMENT OF FACTS**

In this Adversary proceeding, Plaintiffs The Kim Law Firm LLC and Richard Kim, Esquire ("Plaintiffs"), seek to have their claims exempted from discharge pursuant to 11 U.S.C. § 523(a)(6). Plaintiffs never filed a proof of claim in the underlying bankruptcy, and have yet to state the amount of the claim .

Plaintiffs allege that beginning in March 2018, "Plaintiffs were subjected to a constant series of persistent harassment, defamation and threats . . . which were intentional acts done for the specific purpose of causing harm to the Plaintiffs," contending they received over 80 negative

online reviews and over 1,000 text messages. (ECF 1 ¶¶ 11-12). Despite the views being authorized by various individuals, Plaintiffs seek to hold Defendant accountable for all for them.[1] *Id.*

This adversary proceeding initially stems from an action Plaintiffs commenced on May 28, 2019, against John Doe in the Philadelphia Court of Common Pleas by filing a Writ of Summons. (hereinafter "State Court Litigation"). *See* Writ of Summons, a true and correct copy of which is attached as Exhibit A. Using an expired "John Doe" Writ of Summons, Plaintiff issued several ex-parte subpoenas to several out-of-state entities, and Plaintiffs contend that they learned of Defendant's identity as the result of information obtained from these subpoenas.[2] *See* Subpoena dated July 5, 2018, issued to Google, Inc., a true and correct copy of which is attached as Exhibit B.

Plaintiffs subsequently amended the Writ of Summons, added his name and served Defendant on September 10, 2018, with the reissued Writ of Summons which only denoted an unspecific "business torts" claim. Ultimately, Plaintiffs filed a Complaint, and discovery ensued. On May 6, 2019, the state court entered an Order granting Plaintiffs' Motion to Deem Requests for Admissions Admitted. (ECF at ¶ 18; ECF 3 at ¶¶ 68-70). Almost all of Plaintiffs' allegations in this Complaint stem from the Requests for Admissions. However, this Court has already ruled that the Requests for Admissions are "not deemed admitted in the present adversary litigation [and are] not of probative value here." (ECF 14 at ¶H).

After Mr. Bowyer filed for Bankruptcy pursuant to Chapter 7 of the Bankruptcy Code, on October 11, 2019, Plaintiffs commenced this adversary proceeding. (ECF 1). Plaintiffs filed a

---

[1] Defendants attach screen shots of approximately 45 of the alleged defamatory reviews, yet contend over 80 were posted. (ECF 1, at ¶¶ 30, 39, 43, 48, 52).
[2] As set forth below, these subpoenas were invalidly issued in violation of several of the Pennsylvania Rules of Civil Procedure.

2

Motion to Dismiss and on September 10, 2020, this Honorable Court entered an Order Granting in Part Defendant's Motion to Dismiss (ECF 14).

On July 6, 2021, this Honorable Court entered an Order stating:

> It is hereby ORDERED that: 1. The Plaintiff shall take appropriate action to prosecute this proceeding (e.g., a Motion under Fed. R. Bankr. P. 7055) on or before July 19, 2021. 2. Upon failure to prosecute this proceeding, this adversary proceeding may be dismissed for lack of prosecution without further notice or opportunity for a hearing

That same day, Plaintiffs filed their Request for Entry of Default, which this Court Entered on July 7, 2021. (ECF 18). This motion followed.

## II. ARGUMENT

### A. LEGAL STANDARD

The time between the entry of default and the entry of default judgment provides the defendant with an opportunity to move, pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, to vacate the default. Federal Rule of Civil Procedure 55(c) provides that the court may set aside an entry of default "for good cause." *Id.* In assessing whether a defendant has asserted "good cause" under Rule 55(c), a court considers three factors: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the defendant's failure to plead was the result of culpable misconduct. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984).

The Third Circuit has repeatedly stressed their strong preference that cases be disposed of on the merits whenever practicable. *Id.* Because it prevents a plaintiff's claims from being decided on the merits. The entry of default is disfavored in this Circuit. *Thompson v. Mattleman*, 1995 WL 321898, at 3 (E.D. Pa. May 26, 1995); *Jackson v. Delaware County*, 211 F.R.D. 282, 283 (E.D.

3

Pa. 2002). As a result, a standard of "liberality," rather than "strictness" should be applied when acting on a motion to set aside a default. *Medunic v. Lederer*, 533 F.2d 891, 893-894 (3d Cir. 1976). In close cases, "doubts should be resolved in favor of setting aside the default and obtaining a decision on the merits." *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982); *Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120, 122 (3d Cir. 1983). As such, judgment by default for failing to timely file an answer should be a "sanction of last, not first, resort." *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019)(emphasis added); *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 75 (3rd Cir. 1987). In fact, only "flagrant bad faith" warrants the "extreme sanction" of refusing to vacate a default judgment. *Id.* (quoting *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3rd Cir. 1984))(emphasis added).

Courts must also consider "the effectiveness of alternative sanctions as required by *Emcasco*," given that sustaining the default is a **sanction of last resort.** *Mike Rosen Assoc. v. Omega Builders*, 940 F. Supp. 115, 121 (E.D. Pa. 1996); *see Atlas Communications, Ltd.*, 1997 WL 700492, at 4 (in applying an alternative sanction, the court conditioned the granting of the motions to set aside default on the subsequent submission of prima facie evidence of meritorious defenses). Here, even if the court finds prejudice, a lack of meritorious defense, and culpable conduct, it should only apply an alternative sanction rather than sustaining the default. *See e.g. Agnew v. E*Trade Securities, LLC*, 811 F. Supp. 2d 177, 185 (E.D. Pa. 2011).

**B.    Good cause exists to set aside the default, as Plaintiffs will not be prejudiced, Defendant has several meritorious defenses and Defendant's conduct was not culpable**

1. <u>Plaintiffs will not be prejudiced if the entry of default is set aside</u>.

Plaintiffs bear the burden of demonstrating that their claim "would be materially impaired because of the loss of evidence, an increased potential for fraud or collusion, substantial reliance

4

on the entry of default, or other substantial factors." *Sunoco, Inc. v. Glob. Recycling & Demolition, LLC*, 300 F.R.D. 253, 256 (E.D. Pa. 2014)(quoting *U.S. ex rel. Constr. Hardware, Inc. v. Patterson*, 2013 WL 5356851, at 2 (E. D. Pa. Sept. 24, 2013)). Prejudice is demonstrated only where "circumstances have changed since entry of the default such that [claimant's] ability to litigate its claim is now impaired in some *material way*." *Accu-Weather, Inc. v. Reuters, Ltd.,* 779 F.Supp. 801, 802 (M.D. Pa. 1991). Prejudice "is not merely the loss of an advantageous position, but must be something more closely tied to the merits of the issue." *Slobodian v. Capital for Merchants, LLC (In re ABS Ventures, Inc.)*, 523 B.R. 443, 450 (Bankr. M.D. Pa. 2014). Delays in a plaintiff's potential recovery or potential expenses incurred from litigating the matter on the merits do not constitute the kind of prejudice sufficient to sustain an entry of default. *GE Med. Sys. Info. Techs., Inc. v. Ansar, Inc.*, 2004 WL 2988513, at 2 (E.D. Pa. Dec. 23, 2004). Indeed, prejudice is even less likely to be found where a case is still in the pleading stage and no discovery has yet been taken. *E.g., Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656-57 (3d Cir. 1982) (a delay in realizing a judgment "rarely serves to establish the degree of prejudice sufficient to prevent the opening of a default judgment entered *at an early stage of the proceeding*.").

Plaintiffs will not be prejudiced, Plaintiffs' ability to pursue its claims has not been hindered in any way. There is no evidence that Defendant's delay in filing the Answer has resulted in a loss of evidence, increased potential for fraud or collusion, the unavailability of witnesses, roadblocks to discovery especially because Plaintiffs have the benefit of discovery in the State Court Action.   Accordingly, this first factor heavily weighs in favor of Defendant.

    2.    <u>Defendant has several meritorious defenses.</u>

Although courts weigh all factors, the threshold and most important factor is whether the defendant asserts a meritorious defense,[3] *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984), and a defendant need only assert *one* meritorious defense. *See Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982). A meritorious defense exists where, as here, the "allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)(quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 245-46 (3d Cir. 1951)). A defendant need only allege some specific facts in support of its defenses in order for the default to be set aside. *Id.* at 195; *see Bieros v. Nicola*, 851 F. Supp. 681, 683 (E.D. Pa. 1994).

Plaintiffs seek an order of non-dischargeability pursuant to section § 523(a)(6), which provides that "[a] discharge under section 727 . . . of this title does not discharge an individual debtor from any debt . . . for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). In order to constitute a willful injury, the Third Circuit has held that a debtor must act "with the purpose of producing injury or . . . with substantial certainty of producing injury." *In re Conte*, 33 F.3d 303, 307 (3d Cir. 1994). Merely because there was "a high probability of producing harm . . . does not establish that [the Debtor's] conduct was substantially certain to produce [an] injury." *Id.* at 309. Debts "arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)." *Kawaauhau v. Geiger*, 523 U.S. 57, 62 (1998). In addition to establishing state law claims of defamation,[4] commercial

---

[3] Where the motion to vacate involves merely an entry of default, the more lenient application of the standard "may allow granting the motion ***even in the absence of a meritorious defense***, if both of the other two factors favor the defendant." *In re McGuire*, 450 B.R. 68, 74 (Bankr. D.N.J. 2011) (emphasis added); *see Mike Rosen & Assocs., P.C. v. Omega Builders*, 940 F. Supp. 115, 120-121 (E.D. Pa. 1996).

[4] The elements of defamation under Pennsylvania law are: 1) the defamatory character; 2) publication by defendant; 3) application to plaintiff; 4) understanding by the reader of its defamatory meaning; 5) understanding by the reader of defendant's intent that the statement refer to the plaintiff; 6) special harm resulting to the plaintiff from its publication; and 7) abuse of a conditionally privileged occasion. 42 Pa. Cons. Stat. Ann. § 8343(a)(1)-(7); *Synygy*,

6

disparagement,[5] and identity theft, Plaintiffs must also prove willful and malicious conduct leading to a willful and malicious injury.

> **1. Defendant has several meritorious defenses to Plaintiff's claims based upon alleged willful and malicious conduct and willful and malicious injury based upon alleged defamatory statements and commercial disparagement.**

As an initial matter, the Complaint is replete with allegations which, in conclusory fashion, allege that Defendant made several key admissions as to the alleged defamatory statements, based upon the Requests for Admissions deemed admitted in the State Court Action. However, this Honorable Court previously deemed the admissions of no import to this matter, holding that "the alleged facts deemed admitted in the State Court Litigation are not deemed admitted in the present adversary litigation [and so] their deemed admissions in the State Court Litigation is not of probative value here." (ECF, at ¶ H). As such, all of the factual allegations in the Complaint relating to the alleged postings and text messages are at issue in this matter, and Defendant denies having a recollection of posting each of the identified postings. This is of particular importance, as Plaintiffs have not identified the method by which they seek to link Defendant to all of the alleged defamatory postings.

Second, Defendant intends to challenge Plaintiffs claim that he admitted posting all of the alleged postings via communications with Plaintiffs on September 10, 2018, and September 17, 2018. (ECF 1, at ¶¶ 73-76). Defendant could not have made such admissions because at the time he was communicating with Plaintiffs, he was under the mistaken impression that the litigation

---

*Inc. v. Scott-Levin, Inc.*, 51 F. Supp. 2d 570, 579-80 (E.D. Pa. 1999). Of note, Plaintiffs cannot point to any "readers" of the alleged statements or any resulting special harm, which requires proof of a specific monetary or out-of-pocket loss as a result of the defamation. *Synygy, Inc. v. Scott-Levin, Inc.*, 51 F. Supp. 2d 570, 579-80 (E.D. Pa. 1999).

[5] The elements of a commercial disparagement claim under Pennsylvania law are: 1) that the disparaging statement of fact is untrue; 2) that no privilege attaches to the statement; and 3) that the plaintiff suffered a direct pecuniary loss as the result of the disparagement. *Menefee v. Columbia Broad. Sys., Inc.*, 329 A.2d 216 (Pa. 1974).

was related to employment claims he had administratively filed against Plaintiffs and which had recently concluded.[6] He only knew that he was being sued and he wanted to settle the matter by "making it right," because he had just been released from the hospital and wanted to enjoy his time with his wife. (ECF 1 ¶ ¶ 73-75). Defendant did not learn the nature of the claims against him until September 19, 2018, when Plaintiffs filed the Complaint.

Third, Defendant also intends to challenge Plaintiffs' use of information allegedly obtained from Google, Avvo and Facebook as it was obtained via subpoenas unlawfully issued in the State Court Action. Plaintiff commenced the State Court Actions via a Writ of Summons against John Doe, allowed the Writ of Summons to expire then used the expired Writ of Summons to serve ex-party subpoenas without first seeking leave of court to engage in pre-complaint discovery, without attempting to serve a Notice of Intent to Serve a Subpoena and without filing a Certificate Prerequisite to Service of Subpoena as required by the Pennsylvania Rules of Civil Procedure. *See e.g.* Pa. R. Civ. P. 4009.21 ("A party seeking production from a person not a party to the action shall give written notice to every other party of the intent to serve a subpoena at least twenty days before the date of service.."); Pa. R. Civ. P. 4009.22 (a) ("The party seeking production may serve on the person named in the subpoena a copy of the subpoena only if it is identical to the subpoena attached to the notice of intent to serve the subpoena and if the party seeking production has filed of record a certificate that the notice of intent to serve a subpoena was mailed or delivered to each party at least twenty days prior to the date on which the subpoena is sought to be served."). The subpoenas were invalid as a matter of law due to Plaintiffs' violations of the Pennsylvania Rules of Civil Procedure. By issuing the subpoenas when he Writ of Summons was "dead," Plaintiffs lacked the authority to issue them. Defendant will contend that Plaintiff should be precluded from

---

[6] In or about February 2018, Defendant filed wrongful termination administrative actions against Plaintiffs u in relation to his employment, a true and correct copy oof which are attached as Exhibit F.

8

using any of the information obtained from the subpoenas for abusing the subpoena power. *See e.g. Township of Lycoming,* 780 A.2d 835, 838-839 (Pa. Cmwlth. 2001) (unless a party "applies to a court for an extension of time in which to serve original process, or unless the parties agree to waive the [30]-day time restriction, a writ or complaint will be 'dead' at the expiration of 30 days . . . [o]nly where service of original process has been properly made, [may] all subsequent legal papers, such as motions, petitions, answers thereto, rules, notices, interrogatories and answers thereto" be served.). Based upon the above, Defendant has at least one meritorious defense.

      *a.* ***Several of the alleged defamatory statements are opinions, favorable to Plaintiffs, true, or substantially true.***

The Complaint generally alleges in conclusion of terms that Plaintiffs were defamed by vague, identified "online false and defamatory reviews," made under unidentified "fake names and email addresses," "falsely posing" as unidentified "former and prospective clients." Plaintiffs are seeking to hold Defendant liable for every online review, regardless of whether it is defamatory, an opinion, substantially true, privileged or flattering.

The Complaint provides a "minor sampling" of the "approximately 80 different online reviews" that Plaintiffs allege were false and defamatory, (ECF 1 ¶¶ 9(a), 28), but the Complaint contains approximately forty-five screen shots presumably constituting the online reviews without providing the dates the reviews were posted,[7] or what portions of the reviews Plaintiffs contend were false and defamatory. Indeed, some of the reviews are favorable to Plaintiffs. *See e.g.* ¶¶ 34 ("Eager. Mr. Kim does genuinely seem like he wants to help with legal problems of the consumer protection nature. . . .I must compliment Mr. Kim for his optimistic & go-getter attitude. His positivity is infectious.")

---

[7] This fact alone could result in a statute of limitations defense.

9

Other reviews are clearly identified as opinions. Courts have consistently determined that "[o]nly statements of fact, not expressions of opinion, can support an action in defamation," *Constantino v. Univ. of Pitt.*, 766 A.2d 1265, 1270 (Pa. Super. 2001). An "opinion based on disclosed or assumed nondefamatory facts is not itself sufficient for an action of defamation, no matter how unjustified and unreasonable the opinion may be or how derogatory it is." *Mathias v. Carpenter*, 402 Pa. Super. 358, 363 (Pa. Super. Ct. 1991).

Here, several of the alleged online reviews state they are opinions. *See e.g.* ECF 1, at ¶ 48 ("John Orville . . ."I personally think…In my personal opinion… *note: these are not facts or definite statements, but just my personal beliefs, as I do not know for sure if….") As such, Defendant has a meritorious defense.

Defendant also contends that several of the alleged defamatory statements are true. Under Pennsylvania law, truth operates as a "complete and absolute defense to a civil action for defamation." *Pelagatti v. Cohen*, 370 Pa. Super. 422, 439 (Pa. Super. Ct. 1987). Pennsylvania also applies the substantial truth doctrine, which protects statements that are not completely true, "so long as any inaccuracies do not render the substance and 'gist' of the statements untrue." 42 Pa.C.S. § 8342; *ToDay's Hous. v. Times Shamrock Communs.*, Inc., 21 A.3d 1209, 1215 (Pa. Super. Ct. 2011). As the proposed Answer indicates, Defendant has asserted several affirmative defenses, including that the statements are true or substantially true.

For example, the allegedly false statement "the Kim Law Firm has never won a jury award for any consumer protection clients," Defendant contends is true. (ECF 1, at ¶¶ 30, 31, 33, 39, 43, 52, and 53.) Throughout the course of discovery, Defendant will also prove the truth of the remaining online reviews.

Furthermore, Plaintiffs have not identified any specific recipient of the alleged communications, and thus has failed to connect the defamatory statements to any harm to his reputation, or any other claimed injury. A defamation plaintiff must establish "special damages"- "actual and concrete damages capable of being estimated in money"-through evidence of "specific instances such as actual loss ... all expressed in figures." *Beverly Enters., Inc. v. Trump*, 182 F.3d 183, 188 (3d Cir. 1999); *see also Lin v. Rohm & Haas Co.*, 293 F. Supp. 2d 505, 521 n.11 (E.D. Pa. 2003) ("Special damages require proof of a specific monetary or out-of-pocket loss as a result of the defamation."). A plaintiff may not recover special damages unless it "describes [its] economic damages with sufficient particularity to identify actual losses." *Marcchuk v. Faruqi & Faruqi, LLP*, 100 F. Supp. 3d 302, 314 (S.D.N.Y. 2015). Plaintiffs have yet to provide any evidence of special damages, despite requesting same from Plaintiffs. Without establishing special damages, Plaintiff cannot establish that Defendant willfully and maliciously harmed Plaintiffs.

> **b.    *Defendant has a complete defense to Plaintiffs' identity theft claims, as Defendant possessed Plaintiff's identifying information lawfully.***

In Pennsylvania, identity theft occurs when one "possesses or uses, through any means, identifying information of another person without the consent of that other person to further any unlawful purpose." 18 Pa. C.S.A. § 4120 (a). Identity theft requires that a person possesses information without the other person's consent and then uses that information for an unlawful purpose. *Wallace v. MediaNews Grp., Inc.*, No. Civ. A. 12-872, 2013 U.S. Dist. LEXIS 7485, 2013 WL 214632, at *6 (M.D. Pa. Jan. 18, 2013) (dismissing identity theft claims where "There is no evidence the Wallace's mug shot was 'stolen.' The mug shot was apparently obtained for police files and was part of the public record."). "Absent a showing that Defendants stole

11

[Plaintiff's] information and used it for an unlawful purpose, there is no merit to a state law claim of identity theft." *Gabriel v. Giant Eagle, Inc.*, 124 F. Supp. 3d 550, 566 (W.D. Pa. 2015).

Plaintiffs voluntarily provided Defendant with Plaintiffs' email and cellphone in 2017 when Plaintiffs employed Defendant. Because Plaintiffs voluntarily provided Defendant with the identifying information, Defendant has a complete defense to Plaintiffs' claim of identity theft. *See Jones v. Manpower, Inc.*, 2014 WL 3908190 (M.D. Pa., Aug. 11, 2014); *Eagle v. Morgan*, 2013 WL 943350, 9 (E.D. Pa. March 12, 2013) ("Absent a showing that Defendants stole his information and used it for an unlawful purpose, there is no merit to a state law claim of identity theft.").

   3.  **The Defendant's Motion Must be Granted Because its Delay Does Not Constitute Culpable Misconduct.**

Appropriate application of the culpable conduct standard "requires that as a threshold matter more than mere negligence be demonstrated." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1183 (3d Cir. 1984). Culpability requires a showing of "willfulness" or "bad faith" behavior. *Id.*; *Emasco v. Sambrick*, 834 F.2d 71, 75 (3d Cir. 1987) (defendant's mere negligence in answering complaint did not constitute "flagrant bad faith" as required to establish culpability). Factors supporting a finding of culpability include a defendant's "reckless disregard for repeated communications from plaintiffs and the court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1183 (3d Cir. 1984). There must be a demonstrated "pattern of ignoring filings by Plaintiffs and orders from the Court [that] goes well beyond mere negligence." *Gross v. Weinstein*, Weinburg & Fox, LLC, No. 14-786, 2017 WL 5714001, at 3 (D. Del. Nov. 28, 2017); *see Eastern Electric Corp. of N.J. v. Shoemaker Constr. Co.*, 652 F. Supp. 2d 599, 602 (E.D. Pa. 2009) (the court found "culpable" misconduct only after the party had failed to "appear, plead, or defend," failed to respond to a motion in violation of a court order, and failed to offer any reason for its actions). The "record

12

must contain evidence affirmatively suggesting culpable conduct [and] the court should not infer the requisite willfulness or bad faith from the mere delay itself." *Spurio v. Choice Sec. Sys., Inc.*, 880 F.Supp. 402, 405 (E.D.Pa. 1995); *Quadratec, Inc. v. Auto Shops*, LLC, 2018 WL 637793, at 2 (E.D. Pa. Jan. 31, 2018).

Defendant has not willfully defaulted, acted in bad faith or attempted to strategically capitalize on any delay.[8] To the contrary, Defendant timely briefed, filed and argued a motion to dismiss. The motion was granted in part and denied in part, and the court granted Plaintiffs leave to amend their Complaint. Plaintiffs never filed an amended complaint. Subsequently, an order of discharge was entered and the underlying case was closed.

While waiting for Plaintiff to file an Amended Complaint, Defendant contacted Plaintiff's counsel to discuss settling this mater. During these conversations, Plaintiffs never addressed the past due Answer. Rather, it was not until this Court alerted the parties that the Answer was past due that Plaintiffs seized upon the opportunity, raced to the courthouse, and filed an entry of default that same day. Defendant immediately requested that Plaintiffs extend professional courtesy to lift the default, and Plaintiffs refused.[9] Despite this refusal Defendant again reached out to

---

[8] Where the default is "attributable exclusively to defendants' counsel" rather than the defendant, courts are less willing to find culpability and tend to set aside the default as a result. *Momah v. Albert Einstein Medical Center*, 161 F.R.D. 304 (E.D. Pa. 1995). Here, Defendant does not bear any personal responsibility for the delay in filing the Answer, so this Court should grant Defendant's Motion as a result.

[9] At least one court has held that Plaintiff's counsel's failure to extend professional courtesies warrants lifting of the entry of default. *See In re Bernstein*, 113 B.R. 172, 174 (Bankr. D.N.J. 1990) (emphasis added) ("While the defendant's counsel may have been somewhat lax, he clearly relied on the ***general courtesy one anticipates between counsel.*** Both society and the legal profession require that counsel behave toward one another in a manner which will make the practice of law a demonstration of fairness…. The entry of a default is not a substantive right. ….The acquisition of rights by the plaintiffs in the instant action by ***aggressive lawyering and the denial of civility*** necessary to make the system function appropriately cannot be asserted in contravention of the debtor's right to her day in court.")

13

Plaintiffs, requesting proof of damages in another attempt to amicable resolve this matter. Plaintiffs refused to provide any such proof. [10]

Courts have found lack of culpable conduct where the parties had engaged in settlement negotiations before the default. *See e.g.*, *Cassell v. Philadelphia Maintenance Co., Inc.*, 198 F.R.D. 67, 69 (E.D. Pa. 2000) (finding "negligence at worst [where] there were some additional delays occasioned by the discussions between [defendant's] attorney and plaintiff's attorney [even where] it is unclear how long these discussions took."). They have also found a lack of culpable conduct wherein the Plaintiff failed to communicate with Defendant about the past due answer before moving for default. *See e.g. LNV Corp. v. Jackson,* No. 11-CV-7604 (E.D. Pa. Mar. 27, 2012) (holding that where there was "no indication that Plaintiff's Counsel attempted to communicate with Defense Counsel about the failure to file an answer[, n]or did Plaintiff ask the Court to intervene … Counsel's conduct appear[ed] to be simple negligence in failing to file a timely Answer [so the Court was] satisfied that Defendant's Motion to Set Aside Default should be granted.")

Perhaps the most important factor is Defendant has defended this claim since its inception in state court and has defended this matter in this Court. Defendant has neither willfully defaulted nor has he delayed in bad faith; Defendant respectfully requests that this Honorable Court set aside the entry of Default.[11]

---

[10] Courts typically set aside the entry of default where the moving party acts with reasonable promptness and alleges a meritorious defense. *See Rockwell Transportation Services, Inc. v. International Printing and Envelope Co., Inc.*, , 2002 WL 1018928, at 1 (E.D. Pa. May 20, 2002); *see Jackson v. Delaware County*, 211 F.R.D. 282 (E.D. Pa. 2002) ("there is no showing that this failure was willful or in bad faith [where] defense counsel took swift action to correct this mistake by filing an Answer and Motion to Set Aside Entry of Default just seven days after default was entered"). Here, Defendant has likewise acted with reasonable promptness in filing this motion, thus warranting the setting aside of the default.

[11]

14

## III. CONCLUSION

For all of the foregoing reasons, Defendant's Motion should be granted.

                                        Respectfully submitted,

                                        **KENNY, BURNS & MCGILL**

                                        */s/Thomas D. Kenny*
                                        Thomas D. Kenny, Esquire
                                        Identification No. 77611
                                        Eileen T. Burns, Esquire
                                        Identification No. 80404
                                        1500 John F. Kennedy Blvd.
                                        Suite 520
                                        Philadelphia, PA  19102
                                        (215) 423-5500
                                        filings@kennyburnsmcgill.com

                                        Attorneys for Defendant
                                        James Fitzgerald Bowyer

Dated: August 6, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of August 2021, I caused a true and correct copy of the foregoing to be served upon all counsel via the court's electronic filing system.

/s/ Thomas D. Kenny
Thomas D. Kenny, Esquire