**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| JAMES FITZGERALD BOWYER, | : | Case No. 19-13113(MDC) |
| | : | |
| Debtor. | : | |
| | : | |
| THE KIM LAW FIRM LLC and | : | |
| RICHARD KIM, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Adv. No. 19-00200(MDC) |
| | : | |
| JAMES FITZGERALD BOWYER, | : | |
| | : | |
| Defendant. | : | |

**RESPONSE IN OPPOSITION TO**
**PLAINTIFFS MOTION FOR DEFAULT JUDGMENT**

Defendant James Fitzgerald Bowyer, by and through his attorneys, Kenny, Burns & McGill, hereby responds to Plaintiff's Motion for Default Judgment.

1.      Admitted.

2.      Denied.  The allegations set forth in this paragraph constitute a conclusion of law to which no response is required.   By way of further answer, Plaintiff has not set forth any legal authority which supports its entitlement to pursue defamation actions in the Court of Common Pleas of Philadelphia County.  Plaintiff has not, and cannot, set forth a prima facie case that it suffered a willful and malicious injury, as they have not set forth any proof of special damages caused by willful and malicious conduct.

3.        Denied.  It is admitted that the Plaintiffs sent the Complaint via Federal Express.  It is expressly denied that service via Federal Express constituted valid legal service.

4.        Denied.

5.        Denied.  Defendant filed a Motion to Dismiss Plaintiffs complaint.

6.        Admitted.

7.        Admitted in part; denied in part.  It is expressly denied that Defendant was validly served via Federal Experess.  The remaining allegations are admitted.

8.        Admitted.

9.        Admitted.

10.       Admitted.

11.       Admitted.   By way of further answer,  the court dismissed the claim without prejudice so Plaintiffs could file an amended complaint. Plaintiffs never moved forward with this case, the underlying bankruptcy proceeding was closed and Defendant obtained an order of discharge.

12.       Admitted.

13.       Admitted.   By way of further answer, the Plaintiffs were authorized to file an amended complaint.

14.       Admitted.  By way of further answer, Plaintiffs never filed an amended complaint and during this time Defendant reached out to Plaintiffs on more than one occasion to discuss settlement.  Plaintiff remained silent regarding the need to file an amended complaint until after this Court notified the parties that it was past due.  A race to the courthouse ensued with Plaintiffs winning.   Plaintiffs refused to grant Defendant any professional courtesy to lift the default. Nevertheless, Defendant again reached out to Plaintiffs to settle this matter, requesting proof of

damages.  Plaintiffs refused to provide any such proof.

15.    Admitted.  By way of further answer, Plaintiffs never filed an amended complaint and during this time Defendant reached out to Plaintiffs on more than one occasion to discuss settlement.  Plaintiff remained silent regarding the need to file an amended complaint until after this Court notified the parties that it was past due.  A race to the courthouse ensued with Plaintiffs winning.  Plaintiffs refused to grant Defendant any professional courtesy to lift the default. Nevertheless, Defendant again reached out to Plaintiffs to settle this matter, requesting proof of damages.  Plaintiffs refused to provide any such proof.

16.    Admitted.  By way of further answer, Plaintiffs never filed an amended complaint and during this time Defendant reached out to Plaintiffs on more than one occasion to discuss settlement.  Plaintiff remained silent regarding the need to file an amended complaint until after this Court notified the parties that it was past due.  A race to the courthouse ensued with Plaintiffs winning.  Plaintiffs refused to grant Defendant any professional courtesy to lift the default. Nevertheless, Defendant again reached out to Plaintiffs to settle this matter, requesting proof of damages.  Plaintiffs refused to provide any such proof.

17.    Denied.  The allegations set forth in this paragraph constitute a conclusion of law to which no response is required.  By way of further answer, Plaintiffs have not provided any legal or factual argument addressing any of the factors required to be considered before entering a default judgment.  Indeed, Plaintiff has not alleged that the facts of the Complaint set forth a prima facie case, that it has any damages, or that it would in any way be prejudiced if default was not entered.  Indeed, Plaintiffs engaged in ex-party subpoena practice.

WHEREFORE, Plaintiffs Motion for Default Judgment should be denied.

Respectfully submitted,

**KENNY, BURNS & MCGILL**

*/s/Thomas D. Kenny*
Thomas D. Kenny, Esquire
Identification No. 77611
Eileen T. Burns, Esquire
Identification No. 80404
1500 John F. Kennedy Blvd.
Suite 520
Philadelphia, PA  19102
(215) 423-5500
filings@kennyburnsmcgill.com

Attorneys for Defendant
James Fitzgerald Bowyer

Dated: August 6, 2021

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 6th day of August 2021, I caused a true and correct copy of the foregoing to be served upon all counsel via the court's electronic filing system.

*/s/ Thomas D. Kenny*
Thomas D. Kenny, Esquire