IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| JAMES FITZGERALD BOWYER, | : | Case No. 19-13113(MDC) |
| | : | |
| Debtor. | : | |
| | : | |
| THE KIM LAW FIRM LLC and RICHARD KIM, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Adv. No. 19-00200(MDC) |
| | : | |
| JAMES FITZGERALD BOWYER, | : | |
| | : | |
| Defendant. | : | |

**REPLY BRIEF IN SUPPORT OF
DEFENDANT JAMES FITZGERALD BOWYER'S
OTION TO SET ASIDE THE ENTRY OF DEFAULT**

                                            **KENNY, BURNS & MCGILL**

                                            */s/Thomas D. Kenny*
                                            Thomas D. Kenny, Esquire
                                            Identification No. 77611
                                            Eileen T. Burns, Esquire
                                            Identification No. 80404
                                            1500 John F. Kennedy Blvd.
                                            Suite 520
                                            Philadelphia, PA  19102
                                            (215) 423-5500
                                            filings@kennyburnsmcgill.com
                                            Attorneys for Defendant
                                            James Fitzgerald Bowyer

Defendant James Fitzgerald Bowyer, by and through his attorneys, Kenny, Burns & McGill, respectfully submits this Reply Brief in Support of his Motion to Set Aside Default.

**A.    Plaintiffs failed to respond to several of Defendant's Arguments; therefore, it is undisputed that Defendant has at least one meritorious defense to Plaintiffs' claims, including damages.**

Plaintiffs did not dispute Defendant's well-developed arguments that a meritorious defense exists to Plaintiffs claims that stem from Plaintiffs' state court claims of defamation and commercial disparagement.[1]  Additionally, Plaintiffs did not dispute Defendant's argument that Plaintiff has not suffered a willful and malicious injury[2].  Plaintiffs' failure to respond to these arguments regarding meritorious defenses and lack of damages constitutes waiver. *See City of Canton, Ohio v. Harris,* 489 U.S. 378, 383 (1989) (failure to argue in brief in opposition is a waiver of argument); *Hoppe v. Smithkline Beecham Corp.*, 437 F. Supp. 2d 331, 338 (E.D. Pa. 2006) ("As plaintiff fails to make any response in his brief, plaintiff has waived any objection.").  Thus, Defendant has established a meritorious defense to all of Plaintiffs' claims.

Aware their inability to present a legal argument, Plaintiffs attempted to mount a baseless attack on Defendant, by selectively quoting from the "80+" alleged postings to create the inference that he was a racist for no other reason than to attempt to inflame the reader, even though Defendant has not been provided the opportunity to defend these baseless claims.[3]  Defendant has denied

---

[1] Plaintiffs likewise do not contest that the subpoenas they issued in the state court action were issued unlawfully

[2] Plaintiffs' concession that they did not suffer a willful and malicious injury is fatal to their request for a default judgment.  Indeed, in their Motion for Default Judgment, Plaintiffs did not submit proof of damages, which is defeats  their request for a default judgment, as a party's default does not suggest that the party has admitted the amount of damages that the moving party seeks.  *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).  Plaintiffs informed Defendants a few weeks ago that "[m]y client is not going to waste time assembling a damages calculation."

[3] Plaintiffs make it seem as if all of the postings were racially discriminatory, but a close reading of the Complaint reveals that only four of the alleged 80+ postings referenced race or ethnicity, two of which are positive and supportive of Mr. Kim. (ECF 1, at ¶ 30, 52) (Anonymous states on page 29: "I believe [Mr. Kim] is the epitome of The American Dream [and] is such a positive role model to the Chinese immigrant community.").

making these allegations in his proposed answer, and Plaintiffs' attempt to try and use the state court requests for admission, that are "not deemed admitted in the present adversary litigation [and are] not of probative value here," (ECF 14 at ¶ H) as a basis for its claim, is simply an attempt to deflect from the fact that Plaintiffs' claims lack merit.

> **B.** **Plaintiffs have not suffered prejudice.**

The burden is on Plaintiffs to demonstrate that its claim "would be materially impaired because of the loss of evidence, an increased potential for fraud or collusion, substantial reliance on the entry of default, or other substantial factors." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)."A plaintiff is prejudiced where the loss of relevant evidence or some other occurrence impairs the plaintiff's ability to pursue the claim." *Jackson v. Delaware County*, 211 F.R.D. 282, 283 (E.D. Pa. 2002).

Plaintiffs begin by arguing they have been prejudiced due to delay, focusing on the time period from the date they commenced the state court proceedings until today. Plaintiffs have attempted to repeatedly argue that the state court proceedings are applicable to this matter, even though an adversary proceeding is a separate proceeding involving separate claims.

Plaintiffs have not introduced any legal authority that actually stands for its unsubstantiated proposition that a federal court in an adversary proceeding may examine delays that occurred in a prior state court litigation or underlying bankruptcy matter, in determining prejudice or culpability, and the cases cited by Plaintiffs do not support their proposition. In *Hritz v. Woma Corp.*, 732 F.2d 1178, 1182 (3d Cir. 1984), the appellate court only examined the defendant's delays within a single district court proceeding "over an extended period of time." In *Dapex, Inc. v. Omaya for Importing Cars*, 2015 U.S. Dist. LEXIS 71598, at *8 (D.N.J. June 3, 2015), the "factors taken

3

together" the court looked at were only from the current litigation.[4] Likewise in *Jimenez v. Marnell*, 2006 U.S. Dist. LEXIS 82860, at *4-5 (D.N.J. Nov. 13, 2006), the court only looked at "the totality of the circumstances" from within a single district case, and did not consider any delays that occurred in prior external litigation.[5] If anything, this court should look to the "totality of the circumstances" surrounding Plaintiffs' serving unlawful ex-party subpoenas in foreign jurisdictions and Plaintiffs' complete lack of any injury.

The pertinent period for prejudice should be the time between the entry of default and the date Defendant moved to set it aside, and there is nothing to suggest that circumstances have changed between the entry of default and today. A plaintiff demonstrates prejudice when his "ability to pursue the claim has been hindered ... [by, for example,] loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 524 (3d Cir. 2006) (citing *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982)). Mere delay in adjudicating the claims by itself is insufficient. *Feliciano*, 691 F.2d at 656-57 ("Delay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening a default judgment entered at an early stage of the proceeding.").

Plaintiffs claim that it "cannot obtain information from third-parties relating to conduct in 2018 that might be destroyed, such as Google, Facebook, and AVVO, Bowyer's internet provider, and Bowyer's cell phone provider," directly contradicts the multiple representations to this Court

---

[4] These cases are also distinguishable from the present case, which Defendant has vigorously defended since its inception.

[5] In fact, the *Jimenez v. Marnell* court even found that "allowing the default to remain would be harsh and unfair in light of [the defendant's] meritorious defense." 2006 U.S. Dist. LEXIS 82860, at *4-5 (D.N.J. Nov. 13, 2006). Here, sustaining the default would be similarly unfair because Defendant has complete meritorious defenses.

that Plaintiff purportedly was able to obtain evidence linking the alleged statements to Defendant through the service of unlawful:

> foreign [ex-parte] subpoenas upon Facebook, Google, and Avvo, and the responses to those subpoenas revealed the IP addresses of the anonymous posters, some of which were obscured by the use of a VPN. Some of the IP addresses, however, were not obscured by a VPN and pointed back to Bowyer as the author of the anonymous postings.

ECF-9-1 at 11; ECF 1 at ¶ 71; *see also* ECF 1 at ¶ 11. Since Plaintiffs allegedly received all of the information it needed from those subpoenas before Defendant was even a party to the state court action, they can hardly claim prejudice.

Any claim of prejudice is further defeated by the fact that after Plaintiffs filed the Complaint in state court, Plaintiffs were afforded an additional nine months to conduct discovery.[6] They had ample time to obtain information. Thus, Plaintiffs have failed to show that there has, in fact, been an actual loss of evidence, and Plaintiffs' concerns about loss of evidence and decreased memory recall are speculative. Prejudice "is not an imagined or hypothetical harm; a finding of prejudice should be a conclusion based on facts in evidence." *In re O'Brien Environmental Energy, Inc.*, 188 F.3d 116, 127 (3d Cir. 1999); *Zazzali v. 1031 Exch. Grp. LLC (In re DBSI, Inc.)*, 501 B.R. 37, 43 (Bankr. D. Del. 2013); *see Williams v. Advanced Urgent Care*, 2017 WL 528314, at *5 (E.D. Pa. Feb. 9, 2017) (finding no prejudice even where witnesses might "forget critical facts," because "plaintiff provide[d] no evidence … that any such loss has occurred").

Moreover, at the time Defendant filed this Motion, Plaintiffs had not submitted any documentation from Plaintiffs substantiating their damages. Because Plaintiffs have not

---

[6] Discovery in that matter commenced on August 28, 2018, and it was scheduled to end on June 3, 2019. See Case Management Order dated August 29, 2018, a copy of which is attached as Exhibit A. Plaintiffs were required to submit an expert report on June 3, 2019. Two years later, and Plaintiffs have yet to provide an expert report regarding damages.

established damages, default judgment cannot be entered, and Plaintiffs cannot have substantially relied on the entry of default. *See Shaw v. Prime Legacy Sec., Inc.*, No. 20-5551, 2021 U.S. Dist. LEXIS 138722, at *4 (E.D. Pa. July 26, 2021) ("the Court had yet to receive documentation from [plaintiff] substantiating his damages. Because no amount of damages had yet been ascertained, the Clerk of Court had not yet formally been directed to close the case and enter judgment. So, it cannot be the case that [plaintiff] has substantially relied upon the entry of default.).

### C. Defendant has meritorious defenses to all of Plaintiffs' claims

As set forth above, Plaintiffs have not disputed Defendants' arguments that they have not incurred a willful and malicious injury and have not quantified the alleged amount of their damages, including those claims for identity theft. As such, Defendant has a meritorious defense to the claims based upon all of Plaintiffs' claims including identity theft.

Further, as set forth in Defendants' brief, Plaintiffs cannot establish identity theft as a matter of law, because Plaintiffs cannot establish that the Defendant obtained the email address or the phone number unlawfully. "Identity theft requires some unlawful possession of a person's identifying information." *Eagle v. Morgan*, CIVIL ACTION No. 11-4303, at *16 (E.D. Pa. Mar. 12, 2013) (Finding no valid claim for identity theft where "Dr. Eagle's name was publicly available and thus not unlawfully possessed."); *Wallace v. MediaNews Grp., Inc.*, 2013 WL 214632, at *6 (M.D. Pa. Jan. 18, 2013) ("To be in violation of this [identity theft] statute, one must be in possession of identifying information of another without their consent"); *Gabriel v. Giant Eagle, Inc.*, 124 F. Supp. 3d 550, 566 (W.D. Pa. 2015) ("Absent a showing that Defendants stole his information … there is no merit to a state law claim of identity theft.") Here, Plaintiffs not only voluntarily provided their email address and phone number to Defendant during the course of his employment with Plaintiffs, but Plaintiffs' email address is also publicly available on Plaintiffs'

website. Defendant could not have unlawfully possessed Plaintiffs' identifying information and thus cannot be liable for identity theft. Because the most important question is whether the defendant asserts a meritorious defense, Defendant's motion to set aside the default should accordingly be granted. *See US v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984).

### D. Defendant's delay in filing the answer does not constitute culpable misconduct

Plaintiffs erroneously claim that Defendant's supposedly dilatory actions in the state court litigation constitute culpable misconduct. However, as discussed above, whatever transpired during the external state litigation and original bankruptcy filing is irrelevant for purposes of the present motion. Furthermore, any delays were for legitimate reasons (e.g., the filing of preliminary objections that were granted in part) or because of Defendant's financial inability to fund a legal defense, ultimately resulting in Defendant's bankruptcy filing. Defendant vehemently denies that he filed for bankruptcy in order to thwart Plaintiffs' discovery requests. Rather, he did so for legitimate reasons, which the Trustee corroborated in declaring the No Asset case.

Plaintiffs are equally responsible for any delays in this adversary proceeding. For ten months, Plaintiffs did not prosecute this case. Plaintiffs never reached out to Defendant to discuss the past due Answer, and when Defendant contacted Plaintiff to discuss resolving this matter earlier this year, Plaintiffs never mentioned the past due Answer. In fact, Defendant believed that Plaintiffs no longer wished to prosecute this matter, and so did this Court, as it was this Court that sent Plaintiffs an order warning that this matter would be dismissed for lack of prosecution.[7]

---

[7] The facts of the present matter are particularly analogous to those of *LNV Corp. v. Jackson,* No. 11-CV-7604 (E.D. Pa. Mar. 27, 2012). In the case, there was "no indication that Plaintiff's Counsel attempted to communicate with Defense Counsel about the failure to file an answer [n]or did Plaintiff ask the Court to intervene." *Id.* For this reason, "Counsel's conduct appear[ed] to be simple negligence in failing to file a timely Answer [so the Court was] satisfied that Defendant's Motion to Set Aside Default should be granted." *Id.*

Plaintiffs took advantage of the Court's Order and raced to the courthouse and filed an entry of default instead of discussing this matter with Defendant. In filing its motion to set aside the default a mere 31 days after the entry of default, Defendant acted with reasonable promptness as it was also the date for responding to the motion for default judgment and that does not constitute culpable misconduct. *See Rockwell Transp. Serv. v. Intl. Printing Env. Co.*, 2002 WL 1018928, at *1 (E.D. Pa. May 20, 2002) ("Defendant was reasonably prompt in taking action within one month after the entry of default); *see Wainwright's Vacations , LLC v. Pan Am. Airways Corp.*, 130 F.Supp.2d 712, 718 (D. Md 2001) (filing of motion two months after entry of default was reasonably prompt).

Plaintiffs have mistakenly argued that sustaining the default will not prevent Defendant from litigating this case on the merits. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (the Third Circuit has "repeatedly stated our preference that cases be disposed of on the merits whenever practicable."). However, the claims at issue in the state court litigation were different from the claims at issue in this adversary proceeding, wherein the § 523(a)(6) standard entails whether Defendant willfully and maliciously injured Plaintiff and "in order to demonstrate a nondischargeable claim under § 523(a)(6), a plaintiff must be able to demonstrate that the plaintiff has sustained an actual injury." *Harris v. Kamps (In re Kamps)*, 575 B.R. 62, 79 (Bankr. E.D. Pa. 2017)). Plaintiff has not done so here. Also distinct from the state court litigation, "to establish the requisite malice under § 523(a)(6) [Plaintiffs must demonstrate that] at the time these statements were made or republished, the Debtor [did not] believe that any of them were true." *Id.* at 82.

8

**E. Conclusion**

For all of the foregoing reasons, Defendant respectfully requests that the Entry of Default be set aside.

Respectfully submitted,

**KENNY, BURNS & MCGILL**

*/s/Thomas D. Kenny*
Thomas D. Kenny, Esquire
Identification No. 77611
Eileen T. Burns, Esquire
Identification No. 80404
1500 John F. Kennedy Blvd.
Suite 520
Philadelphia, PA  19102
(215) 423-5500
filings@kennyburnsmcgill.com
Attorneys for Defendant
James Fitzgerald Bowyer

Dated: August 23, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of August 2021, I caused a true and correct copy of the foregoing to be served upon all counsel via the court's electronic filing system.

*/s/ Thomas D. Kenny*
Thomas D. Kenny, Esquire